IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

**FILED**

JAN 0 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| JOHN GORDON BRISCOE, ) | Cause No. CV 12-137-M-DLC-JCL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NOTICE and |
| ) | ORDER STAYING CASE |
| LEROY KIRKEGARD, Warden, ) | |
| Montana State Prison; ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondents. ) | |

On August 10, 2012, Petitioner John Gordon Briscoe filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Briscoe is a state prisoner proceeding pro se.

On August 22, 2012, Respondent ("the State") was ordered to file documents from the state court record. It complied on September 25, 2012.

Briscoe's petition sets forth one claim, and that claim has been adjudicated in the state courts. Briscoe states, "I did not go to post conviction because Mont. Supreme Court decided against my issue on direct appeal, and I believe they are very

1

wrong too!" Pet. (doc. 1) at 4 ¶ 15A(5). Thus, it appears he wants to proceed in this Court at this time.

However, it also appears that Briscoe is scheduled to be resentenced later this month. The judgment against Briscoe will not be final until, at the earliest, sixty days after resentencing. This Court will not proceed until the judgment against Briscoe is final. In other words, if Briscoe wants this Court to decide the claim in his federal petition, it will do so, but not until judgment is final. A stay will be imposed to await finality of the criminal judgment.

In addition, Briscoe is advised that he will probably be permitted to file only one federal habeas petition challenging any aspect of his conviction and sentence for assault with a weapon. *See* 28 U.S.C. § 2244(b). If there are other claims he intends to raise in future – for example, after filing a postconviction petition – he should consider voluntarily dismissing his current petition. A voluntary dismissal at this time will not prevent him from filing another petition later.[1]

The action will be stayed at this time. After entry of written judgment following resentencing, Briscoe must file a status report to advise the Court how he wishes to proceed.

---

[1] As Briscoe has been advised, *see* Pet. at 2 ¶ 6, there is a limitations period, 28 U.S.C. § 2244(d).

Based on the foregoing, the Court enters the following:

## ORDER

Briscoe must file a status report sixty-three days (nine weeks) after the trial court enters written judgment upon resentencing. At that time, he must advise whether he wishes to proceed with his federal habeas petition as filed or whether he intends to pursue another direct appeal to the Montana Supreme Court. Alternatively, he may voluntarily dismiss his petition, without prejudice, at any time before his status report is due.

<u>Briscoe must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 2nd day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

3